544 A.2d 922

**Mable HEPLER, Appellant,**

v.

**Anthony J. URBAN and Susan I. Urban, his wife, Appellees.**

Supreme Court of Pennsylvania.

Argued April 14, 1988.

Decided July 27, 1988.

Kent D. Watkins, St. Clair, for appellant,

Joseph P. Semasek, McAdoo, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue in this case is whether the trial court had jurisdiction to strike or open a summary judgment entered by default, where the petition to strike or open was filed six months after the order granting summary judgment was entered without an indication on the docket of service of the order on the opposing party.

In 1978, appellant, Mable Hepler, filed an action to quiet title against appellees, Anthony J. Urban and Susan I. Urban, his wife, in the Court of Common Pleas of Schuylkill County. Appellees had claimed a large portion of appellant's real property through a tax claim sale. On May 4, 1979, appellees filed a motion for summary judgment. The matter was listed for argument on July 23, 1979. At the call of the argument list on July 16, 1979, appellees presented a motion for judgment pro forma, seeking the grant of their motion for summary judgment on the ground that

appellant had not filed a brief in response to appellees' motion for summary judgment, as required by local rule. Without considering the merits of appellees' motion for summary judgment, the trial court granted the motion and dismissed appellant's complaint with prejudice. The docket does not indicate that a copy of the court order was mailed to appellant or to her attorneys.

Appellees subsequently filed a bill of costs and a praecipe to issue a writ of possession. On December 24, 1979, the sheriff executed the writ and delivered possession of the disputed property to appellees. Appellant alleged that this was the first notice that she and her attorney of record had of the summary judgment proceedings or of the entry of summary judgment against appellant. On January 14, 1980, appellant filed a petition to strike or open judgment with stay of proceedings.

Following a hearing at which time evidence was presented concerning only the merits of appellant's action to quiet title, the trial court struck the summary judgment entered in the case. The court determined that appellant had met the requirements for opening a judgment, i.e., that the petition to open has been promptly filed; a meritorious defense can be shown; and the failure to appear can be excused. The trial court excused appellant's failure to appear by finding that the record did not show the requisite notice to appellant prior to the entry of summary judgment against her. Superior Court, in a memorandum opinion, reversed the trial court order and reinstated the grant of summary judgment in favor of appellees, 362 Pa.Super. 643, 520 A.2d 1219. Superior Court determined that the trial court lacked jurisdiction to strike the summary judgment in that the order granting summary judgment became final thirty days after the order was entered. Superior Court also noted that because there was no evidence of fraud in the record, a lack of prior notice to appellant would not justify opening or striking a final judgment. We granted appellant's petition for allowance of appeal.

The Pennsylvania Rules of Civil and Appellate Procedure provide that an order does not become final until "(1) the

order has been entered on the appropriate docket, and (2) a notation appears in the docket that proper notice has been given concerning the entry of the order." *Yeaple v. Yeaple*, 485 Pa. 399, 403, 402 A.2d 1022, 1024 (1979); Pa.R.A.P. Rules 108(b) and 301(a); Pa.R.Civ.P. Rule 236. In the instant action, there is no notation in the docket that notice was given concerning entry of the order granting appellees' motion for summary judgment. Thus, the order was not final and the trial court did not lack jurisdiction to open or strike the summary judgment.

In addition, if, as alleged by appellant, proper notice was not given *before* the entry of summary judgment, it would be an extraordinary miscarriage of justice to permit the order to stand even if it had become final. *See Tulsa Professional Collection Services, Inc. v. Pope,* —— U.S. ——, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (fundamental requirement of due process is notice reasonably calculated to apprise interested parties of pendency of action and to afford them opportunity to present their objections). Unfortunately, the trial court never heard testimony on the issue of notice, and we cannot determine from the record whether proper notice was given to appellant.

Accordingly, we reverse the order of Superior Court and remand to the Court of Common Pleas of Schuylkill County for further proceedings consistent with this opinion.