**FRATERNAL ORDER OF POLICE, LODGE NO. 5, Appellant,**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1995.
Decided March 3, 1995.

Richard Kirschner, for appellant.

Mark J. Foley, Divisional Deputy City Sol., for appellee.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

The Fraternal Order of Police, Lodge No. 5 (FOP), appeal an order of the Court of Common Pleas of Philadelphia County (trial

court) denying its Petition to Appeal *Nunc Pro Tunc* contending that the proper party did not receive notice of the trial court's dismissal of its Petition to Vacate the Arbitrator's Award.

The FOP filed a grievance regarding a number of police officers (Grievants) who claimed that they were entitled to unused vacation time when they were terminated pursuant to Civil Service Regulation 32 [1] after they became disabled by a work-related injury. The Grievants were represented by Michael Kopac, Esquire (Attorney Kopac) of Sacks, Basch, Weston & Sacks (Sacks firm), general counsel for the FOP. After the grievance could not be settled at a hearing, an Arbitrator found that the City had no obligation to pay unused leave to any officers terminated pursuant to Civil Service Regulation 32 because of their disability.

In September of 1993, the FOP, through Attorney Kopac, filed a timely Petition to Vacate the Arbitrator's Award. However, shortly after the Petition was filed, there was a change in the FOP leadership. As a result, the firm of Sacks, Basch, Weston & Sacks was replaced as general counsel by Sagot, Jennings & Sigmond. Thomas W. Jennings, Esquire (Attorney Jennings), of Sagot was designated general counsel for the FOP and

A. Martin Herring, Esquire (Attorney Herring), of A. Martin Herring and Associates, was designated special counsel. Attorney Kopac turned over the Grievants' file to Attorney Herring. Attorney Kopac did not file a motion to withdraw and neither Attorney Jennings nor Attorney Herring formally entered their appearance with the prothonotary's office. Informed of the change, the City, when it filed its Answer to the Petition to Vacate, listed the new attorneys' names and addresses on the motion court cover sheet and certificate of service.

On January 10, 1994, Attorney Kopac resigned from the Sacks firm. On January 21, 1994, the trial court dismissed the Petition to Vacate because the Arbitrator's decision was rationally derived from the collective bargaining agreement. The docket sheet on the case listed Attorney Kopac as the Grievants' counsel and contained the following: "Notice under Rule 236".[2]

On May 19, 1994, Attorney Herring filed a Petition to Appeal *Nunc Pro Tunc* and entered his appearance on the record the following day. As part of the Petition, Attorneys Kopac, Jennings and Herring filed affidavits stating that they did not receive notice of the dismissal of the Petition to Vacate. In

---

1. Civil Service Regulation 32 provides:

   32.061 *PERMANENTLY AND PARTIALLY DISABLED EMPLOYEES.*

      32.061 PLACEMENT PROGRAM.

      32.0611 Any permanently and partially disabled employee shall be referred to the Personnel Department for possible re-employment in a position compatible with his disability, skills, abilities or aptitude. (Such position will be referred to as a secondary position.)

         \*     \*     \*     \*     \*     \*

      32.0613 Any employee, who, in the opinion of the Director, refuses to cooperate in the placement program, or in a rehabilitation program, or to accept or continue in the employment offered, shall, as of the date of any such refusal, be separated from municipal employment, and his rights to disability benefits under this regulation shall be limited to a period of one year from the date of disability, provided however, that he may appeal to the Civil Service Commission, as herein provided. *Following the date of separation from municipal employment he shall, in consideration of the benefits hereby provided, forfeit the following rights and privileges:*

      (a) accumulated sick leave;

      (b) *accumulated vacation leave;*

      (c) compensatory time to his credit.

         \*     \*     \*     \*     \*     \*

   (Emphasis added.)

2. Pa.R.C.P. No. 236 provides:

   (a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:

      (1) When a judgment by confession is entered, to the defendant at the address stated in the certificate of residence filed by the plaintiff together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

      (2) In all other cases, to each party who has appeared in the action or to the party's attorney of record.

   (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

         \*     \*     \*     \*     \*     \*

its Answer, the City contended Attorney Herring's contention in the Petition to Appeal *Nunc Pro Tunc* that he did not receive notice of the order dismissing the Petition to Vacate was inconsistent with allegations contained in a federal civil complaint he filed on behalf of the Grievants on April 28, 1994, in which Attorney Herring alleged that Bernard Sacks, a partner in the Sacks firm, received the notice of the dismissal, but in concert with the ousted FOP president, did not advise the Grievants. The trial court denied the FOP's Petition to Appeal *Nunc Pro Tunc*, finding that it failed to establish the requirements to justify a *nunc pro tunc* appeal. This appeal followed.[3]

■ A *nunc pro tunc* appeal can be granted only if there has been fraud or a breakdown in the operation of the court. *Baker*, at 427, 603 A.2d at 689. The FOP contends that its Petition to Appeal *Nunc Pro Tunc* should be granted because it did not receive Rule 236 notice. Rule 236 requires that notice be given to either the party or his or her attorney of record, and that such be noted in the docket. The FOP contends that to show compliance with the Rule, along with the notation that notice was sent, the docket must also note the attorneys to whom it was sent. Contrary to the FOP's contention, Rule 236 does not require such a notation. It requires only that the docket reflect that notice was sent to either the party or the attorney of record. *See Hepler v. Urban*, 530 Pa. 375, 609 A.2d 152 (1992). Attorney Kopac was listed on the docket sheet as the attorney for the FOP, and the docket contained the following notation— "Notice Under Rule 236". This notation is sufficient to establish that notice was sent to Attorney Kopac, albeit, in care of the Sacks firm.

Even if notice of the dismissal of the Petition to Vacate was sent to the Sacks firm, the FOP maintains that notice was sent after the Sacks firm had been discharged from representing the FOP, and such information was concealed from it by the ousted FOP president and Attorney Sacks. Assuming that to be true, the FOP's contention misstates the reason why notice was not received by those representing now the FOP. It was the result of the failure of Attorneys Jennings and Herring to enter their appearance for the FOP on the record, not any breakdown in the administration of the court.

However, the FOP contends Pennsylvania Rule of Civil Procedure 1012[4] does not require a written entry of appearance, and because it did not receive notice, it is entitled to appeal *nunc pro tunc*. Subsection (a) of Rule 1012 does not require an attorney to enter a written appearance, but, when no appearance has been entered, notice would be sent to the captioned party. When an appearance has been entered, Subsection (b) of Rule 1012 then applies. Under that provision, an attorney remains of record until an order of court allows the attorney's withdrawal or another attorney simultaneously enters an appearance when the original attorney withdraws. Because Attorneys Jennings and Herring did not enter an appearance, they could not be deemed counsel of record, and Attorney Kopac, having originally entered his appearance and not withdrawing, remained the attorney of record. By not entering their appearance, Attorneys Jennings and Herring would not be entitled to notice under Rule 236. The prothonotary can only send notices to those individuals he or she has been informed are representing a party.

■ The FOP contends, however, that the City's listing of Attorney Jennings and

---

**3.** Our scope of review of a trial court's decision permitting or refusing to permit a *nunc pro tunc* appeal is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Baker v. City of Philadelphia*, 145 Pa.Commonwealth Ct. 421, 603 A.2d 686 (1992).

**4.** Rule 1012 provides:
    (a) A party may enter a written appearance which shall state an address within the Commonwealth at which papers may be served …

*Note:* Entry of a written appearance is not mandatory.
    (b) An attorney's appearance for a party may not be withdrawn without leave of court unless another attorney has entered or simultaneously enters an appearance for the party and the change of attorneys does not delay any stage of the litigation.

Attorney Herring on the motion cover sheet put the prothonotary's office on notice that Attorney Jennings and Attorney Herring were now representing the FOP, and that not sending notice thereto was a breakdown in the administration of the court. Notice of a change in counsel can only be given to the prothonotary by filing an entry of appearance. Otherwise, clerks would be responsible for perusing every cover sheet to see if there has been a change. Moreover, such a holding would lead to the anomalous situation of opposing counsel changing the counsel of record for the other party. Rule 236 requires that notice be sent to each party or to the party's *attorney of record* and that the giving of notice be noted in the docket. *See Hepler.* The attorney of record is the attorney listed in the docket.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 3rd day of March, 1995, the order of the Court of Common Pleas of Philadelphia County, No. 1944, dated July 27, 1994, is affirmed.