J-A08005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2005-HE5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE-5 C/O SELECT PORTFOLIO SERVICES | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | No. 1659 EDA 2019 |
| SUSAN HEWITT & JAMES HEWITT, | : : | |
| Appellants | : | |

Appeal from the Order Entered May 14, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2017-03597

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MAY 12, 2020**

Susan and James Hewitt (h/w) (Hewitts) appeal *pro se* from the order[1]

granting summary judgment in favor of Plaintiffs Wells Fargo Bank National

---

[1] Appellees claim that this Court should quash this appeal for non-compliance with Pa.R.A.P. 904, which requires an appellant identify the order sought to be reviewed on appeal.  Instantly, the Hewitts' notice of appeal lists the order dated June 4, 2019, as the order they are appealing; however, they fail to attach a copy of the docket entry of this order to the notice of appeal.  Despite this omission, the Hewitts indicate in their docketing statement that it is the court's May 8, 2019 order granting summary judgment in favor of Appellees that they wish to appeal, attaching a copy of that order to the statement.  On May 14, 2019, the court sent the parties Pa.R.C.P. 236 notice of that order, making the order final for purposes of Pa.R.A.P. 301(a).  **See** Pa.R.C.P. 236 (notice by prothonotary of entry of order or judgment); **see also Hepler v. Urban**, 609 A.2d 152 (Pa. 1992) (when prothonotary places notation in docket that notice of entry of order granting summary judgment has been sent to

Association, *et al*., (collectively, Wells Fargo), and entering an *in rem* judgment in favor of Plaintiffs in the amount of $563,219.01, together with ongoing interest on the principal from and after March 23, 2019, and any additional recoverable costs and charges to the date of the sheriff's sale. After careful review, we affirm.

In June 2005, the Hewitts secured a note and mortgage on real property located at 20 Crocus Lane, Newtown, Pennsylvania (Property). The Bucks County Recorder of Deeds recorded the mortgage in July 2005. In December 2007, the mortgage was assigned to Wells Fargo. The Hewitts failed to make the scheduled monthly payment on the mortgage beginning in August 2014. On June 1, 2017, Wells Fargo filed a foreclosure complaint against the Hewitts. On June 23, 2017, the Hewitts filed preliminary objections (POs), to which Wells Fargo filed a response. On August 13, 2018, the court denied the Hewitts' POs. The Hewitts filed an answer, with new matter and

_____

parties, Rule 236(b) procedural requirement is met for purposes of determining when such order becomes final under Rule 301(a)). Because "[f]ailure of an appellant to take any step *other than the timely filing of a notice of appeal* does not affect the validity of the appeal," Pa.R.A.P. 902, we decline to accept Appellees' invitation to quash the instant appeal where the notice of appeal was filed on June 7, 2019, within 30 days of Pa.R.C.P. 236 notice of the summary judgment order being sent to the parties. **See Commonwealth v. Martin**, 462 A.2d 859 (Pa. Super. 1983) (although appellant's notice of appeal was taken from vacated order, court addressed merits of case despite procedural misstep where it was obvious from appellant's brief that he was appealing later, valid order); **see also** Pa.R.A.P. 105 (rules shall be liberally construed to secure just, speedy and inexpensive determination of every matter); Pa.R.A.P. 903 (time for appeal).

counterclaims, on September 5, 2018. On September 25, 2018, Wells Fargo filed a reply to the Hewitts' new matter and counterclaims.

Wells Fargo filed a summary judgment motion on March 12, 2019, to which the Hewitts filed a response. On May 14, 2019, the trial court granted the motion and entered an *in rem* judgment in favor of Wells Fargo and against the Hewitts in the amount of $563,219.01. On May 31, 2019, Wells Fargo praeciped to have judgment entered on the order.

The Hewitts filed a timely notice of appeal[2] and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. They present the following issues for our consideration:[3]

> (1) Will the Superior [C]ourt hold the Supreme Court's precedent decision and Pennsylvania Foreclosure Notice requirements as in case[s,] **Ajax v. Taggert** and **Wells Fargo v. Spivik**, [Wells Fargo] voluntarily dismissed Hewitt's judgment on July 21, 2017) where new notice of Act 91 was required to be sent to [the Hewitts] to prevent confusion to [the Hewitts] and the court?

---

[2] The Hewitts also filed a motion to open the judgment, which was never ruled upon by the trial court. **See Moore v. Moore**, 634 A.2d 163 (Pa. 1993) (trial court's authority to reconsider own judgment left to discretion of court, eve where notice of appeal filed simultaneously); **see also** Pa.R.A.P. 1701 (trial court has authority to rule on motion for reconsideration within 30 days of entering summary judgment order); 42 Pa.C.S. § 5505.

[3] We note with disapproval the significant defects in the Hewitts' brief. Their failure to use proper citation format and rambling argument section that does not refer or cite to any relevant portions of the certified record to support their claims could support dismissing or quashing this appeal. **See** Pa.R.A.P. 2101 (if appellate briefs contain substantial defects, reviewing court may quash appeal); Pa.R.A.P. 2119(b), (c). We, however, have attempted to decipher the main claim on appeal and address it as best as we can under the circumstances.

(2) Whether [Wells Fargo] had standing to continue the instant foreclosure action, or whether genuine issues of material fact remain concerning same, where [Wells Fargo] failed to substantiate the alleged underlying assignments and original note by which [Wells Fargo] came to hold the right to pursue this action; the underlying; [Wells Fargo] failed to establish that it was a holder in due course of the [m]ortgage and [n]ote, and [Wells Fargo] failed to meet the substitution requirements of Pa.R.C.P. 2352(a)?

(3) Whether the [c]omplaint verification was defective pursuant to Pa.R.C.P. 1024(c), thus precluding summary judgment?

(4) Should the [trial] court have vacated the judgment improperly entered by the Prothonotary under Pa.R.C.P. 1511 and held [a] hearing to afford due process for forfeiture and reassess all damages [and d]oes the court have jurisdiction when [Wells Fargo] had dismissed a case during instant case?

(5) Should the [trial] court have considered the Petition to substitute bonds in accordance with equitable principles as required by the Supreme Court of Pennsylvania [and s]hould bonds be paid to [the Hewitts] according to Rule 1075.3 and laws?

(6) Should the [trial] court have found that [the Hewitts] satisfied the three-prong requirement for opening a judgment by default?

(7) Should the [trial] court have found that [the Hewitts'] [p]etition was timely filed in accordance with Pa.R.C.P. 237.3 and governing case law?

(8) Did the [trial] court make findings which were not supported by the facts and/or the law?

(9) Were [the Hewitts'] rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution Pennsylvania Constitution violated where [the Hewitts,] without notice to [themselves] or counsel, without a hearing and without the right to be present or be heard since [Wells Fargo] has forfeited [its] property when [it] changed the locks on the premises.

Appellants' Brief, at 12-15.

As the trial court acknowledges, the Hewitts' Rule 1925(b) concise statement "consist[s] of seven single-spaced pages which [are] anything but concise [and] is at best confusing, if not wholly unintelligible." Trial Court Opinion, 10/24/19, at 1. However, we, like the trial court, are able to distill four somewhat decipherable issues: whether the mortgage assignments were contained in the record; whether the lender signed the note; whether the *in rem* judgment was appropriate where Mrs. Hewitt did not sign the note; and whether there were any genuine issues of material fact with respect to Wells Fargo's summary judgment motion.

An appellate court's scope of review of the grant of a motion for summary judgment is well-settled: summary judgment is properly granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 691 (Pa. Super. 1995); Pa.R.C.P. 1035. "Summary judgment may be granted only where the right is clear and free from doubt." *First Wis. Trust Co.*, *supra* at 691. The moving party has the burden of proving that there is no genuine issue of material fact. *Id.* "The record must be viewed in the light most favorable to the nonmoving party, and [] all doubts as to the existence of a genuine issue of material fact must be resolved against moving party." *Davis v. Pennzoil*, 438 A.2d 597, 601 (Pa. 1970). Moreover, summary judgment is properly granted in mortgage foreclosure actions where the mortgagor admits that he or she is delinquent in mortgage payments. *First Wis. Trust Co.*, *supra* at 694.

Instantly, the record supports the following facts: (1) James Hewitt entered into a note on June 23, 2005, in the amount of $274,000, to purchase Property; (2) the Hewitts secured the note by executing a mortgage against the Property[4]; (3) the mortgage was assigned to Wells Fargo;[5] (4) the assignment was recorded with the Bucks County Recorder of Deeds and, thus, is a matter of public record;[6] (5) Wells Fargo is a holder-in-due-course of the note and mortgage, having been in possession of the note since October 28, 2015; (6) the Hewitts have not made payment on the mortgage since August 1, 2014; (7) Wells Fargo established the total amount due under the note and mortgage as $563,219.01, as of the date of its summary judgment motion; and (8) the Hewitts admit they received notice under the Homeowners' Emergency Mortgage Assistance Act (Act 91).

---

[4] To the extent that the Hewitts argue the action is invalid because Wife did not sign the note, the fact that she co-signed the mortgage and is listed as a borrower in the body of the note is irrelevant with respect to the *in rem* judgment entered against her. As the court acknowledges, however, because Mrs. Hewitt did not sign the note, she cannot be personally responsible for the repayment of the debt under the note. Trial Court Opinion, 10/24/19, at 7.

[5] As the trial court acknowledges in its opinion, the fact that the note was not signed by Wells Fargo does not affect its validity. A note "indorsed in blank" becomes payable to the bearer and may be negotiated by transfer of possession. ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1265-66 (Pa. Super. 2013), *citing* 13 Pa.C.S. § 3205(b) (when indorsed in blank, instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed).

[6] Wells Fargo acquired ownership of the note and mortgage through a servicing agreement.

Having established no genuine issue of material facts exists, the trial court properly granted summary judgment in favor of Wells Fargo. *First Wis. Trust Co.*, *supra*. Accordingly, we find no merit to the Hewitts' claims on appeal.

Order affirmed.[7]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2020

---

[7] We, herein, deny the Hewitts' application for continuance, filed on April 20, 2020, as untimely. *See No. 3 Administrative Docket Order*, 3/19/20 (ordering that all cases on Panel A08/20 submitted for disposition on brief unless counsel files application for continuance to next available oral argument panel in which case "[a] party shall have up to and including April 17, 2020 to request that oral argument be held at a later date.").