534 A.2d 522

**Shelby WASHKO, Appellant,**

v.

**Alan Lee PLATZ.**

Superior Court of Pennsylvania.

Argued Aug. 25, 1987.

Filed Dec. 4, 1987.

450

Thomas S. Talarico, Erie, for appellant.

Will J. Schaaf, Erie, for appellee.

Before ROWLEY, DEL SOLE and JOHNSON, JJ.

ROWLEY, Judge:

This is an appeal from an order sustaining the defendant's preliminary objections, striking off the plaintiff's complaint, and dismissing the plaintiff's "suit." We affirm in part and reverse in part.

Plaintiff/appellant was injured in an automobile accident. Her attorney, a licensed lawyer in the state of Ohio, filed a complaint on her behalf in Erie County, Pennsylvania against defendant/appellee. The defendant was served, and his counsel filed preliminary objections in the nature of a motion to strike off the complaint because of lack of

conformity to law or rule of court. Defendant argued that there were three defects in the complaint: 1) the complaint demanded relief for a specific dollar amount rather than in an unspecified amount that was either more or less than $10,000 in violation of Pa.R.C.P. 1021; 2) the complaint was not endorsed with the name and address of an attorney within the Commonwealth in violation of Pa.R.C.P. 1025; and 3) the complaint was not properly verified as required by Pa.R.C.P. 1024.

Within fifteen days after the preliminary objections were filed and sent by defendant's counsel to plaintiff's Ohio counsel in Cleveland, an appearance was entered on plaintiff's behalf by an Erie County law firm, and an amended complaint correcting the defects in the original complaint was filed. Defendant then filed supplemental preliminary objections in which the original preliminary objections were incorporated and an additional averment was included stating that since the initial complaint was a "nullity," the amended complaint could not carry the same term and number as the initial complaint.

Following oral argument, the trial court made an order granting the defendant's motion to strike off the complaint and dismissing the suit. The trial court also filed an opinion in which he stated that failure to have the complaint endorsed with the name and address of an attorney licensed to practice law in Pennsylvania rendered the initial complaint a nullity and for this reason he dismissed the complaint. This appeal followed.

The issue before us on appeal is one of first impression for an appellate court of this Commonwealth: does the endorsement of a complaint filed in Pennsylvania by an attorney authorized to practice law in a jurisdiction other than Pennsylvania constitute a substantive defect thereby rendering the complaint a nullity and subject to dismissal, or is the error a formal one only and therefore curable?

The rule in question provides as follows:

> Every pleading of a party represented by an attorney shall be endorsed with the name of the attorney, and

every pleading of a party not represented by an attorney shall be endorsed with the name of the party, together in each case with an address within the Commonwealth. Pa.R.C.P. 1025. The sole purpose of this rule is to provide an address to the defendant to which further pleadings can be mailed. Goodrich Amram 2d § 1025:1. Failure to comply with the rule, therefore does not substantively affect the complaint.

Especially on the facts of this case, the failure to comply with Rule 1025 is only a formal defect. There is no question that an address for service of subsequent pleadings was included in the complaint. Also there can be no question that counsel for appellee was able to and did send his preliminary objections to the address included in the complaint, and they were received. Therefore, the purpose of Rule 1025 was satisfied, even though there was not formal compliance with the rule. We conclude that the defect was strictly a formal one, and as such, it should be curable.

Not only do we conclude that the failure properly to endorse the complaint is a curable, formal defect, but we also are unpersuaded that an endorsement by an attorney not licensed to practice in the Commonwealth renders the complaint a nullity. Some of the authority (which is *not* binding authority for this Court) cited by appellee and the trial court to support the conclusion that the original complaint was a nullity is distinguishable on its facts. For example, in *Dauphin County Bar Association v. Mazzacaro*, 465 Pa. 545, 351 A.2d 229 (1976), nowhere does the Court even suggest that proceedings conducted by lay persons are a nullity. Rather, in *Mazzacaro*, the Court simply held that a casualty adjuster was not authorized by his casualty adjuster's license to conduct settlement negotiations for third party claimants against tortfeasors, and that such conduct by the adjuster, who was not an attorney, constituted the unauthorized practice of law. For this reason, the injunction barring the adjuster from conducting the negotiations was affirmed. Similarly, *In the Matter of Arthur*, 15 B.R. 541 (E.D.Pa.1981), *Winters v. Sheporwich*,

83 D & C 484 (1952), and *Blair v. Motor Carriers Service Bureau, Inc.*, 40 D & C 413 (1939), are distinguishable because all involved the performance of legal services by someone other than an attorney unlike the case before us. Moreover, in at least two cases, Pennsylvania trial courts have granted leave to amend where the only defect is that someone other than an attorney licensed to practice in Pennsylvania and having an address within the county where the action was brought has been representing a party. *Riverside Foundry, Inc. v. Poe Machine & Engineering Corp.*, 3 D & C 2d 379 (1955); *Goldstein v. Marriott*, 14 D & C 635 (1930).

Appellee has not suggested any compelling reason for the conclusion that when an attorney licensed to practice law in a sister state endorses a complaint filed in Pennsylvania, that the complaint must be considered a nullity and stricken without any opportunity to amend the complaint by correcting the defect. We recognize that it is appellee's contention that unless an attorney is authorized to practice law *in Pennsylvania*, any actions taken by him on behalf of another in the Pennsylvania courts is the unauthorized practice of law, and therefore, those actions must be considered a nullity. Because they are a nullity, there can be no amendment; rather the case must begin anew.

While appellee is correct that an attorney licensed to practice law only in a sister state is prohibited from practicing law in Pennsylvania unless a license to practice in Pennsylvania is obtained, there is no Pennsylvania appellate authority to support the conclusion that a complaint filed in Pennsylvania by such an attorney must be considered a nullity and that no opportunity to amend the defect can be provided. Considering that the Rules of Civil Procedure are to be liberally construed, Pa.R.C.P. 126, we hold that where an attorney licensed to practice law in a foreign jurisdiction endorses a complaint filed in Pennsylvania, and consequently, the form of the complaint is not in compliance with Pa.R.C.P. 1025, the formal defect in the complaint does not render it a nullity; rather, the complaint may be amended to

correct the defect. Only if the defect is not cured after an opportunity to amend the complaint has been provided, may the complaint be stricken.

In the case before us, the trial court was correct in determining that the original complaint contained a formal defect, i.e., endorsement by a foreign attorney. Therefore, to the extent that the court's order directed that the original complaint be stricken, the order is affirmed. However, the trial court should not have granted the preliminary objections to the amended complaint, stricken the amended complaint, and dismissed the "case." Therefore, to the extent that the trial court's order struck the amended complaint, the order is vacated.

That portion of the order striking the original complaint is affirmed; that portion of the order striking the amended complaint and dismissing the "case" is vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.