J-S43031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TED M. ROHM, AN INDIVIDUAL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DUTCH CREEK ESTATES | : | |
| HOMEOWNERS' ASSOCIATION, INC., | : | |
| A PENNSYLVANIA NON-PROFIT | : | |
| CORPORATION; ELITE MANAGEMENT | : | |
| SERVICES GROUP, INC., A | : | |
| PENNSYLVANIA CORPORATION; | : | |
| INNOVATIVE MANAGEMENT BY | : | |
| BUCCI, LLC (D/B/A ELITE | : | |
| MANAGEMENT SERVICES GROUP, | : | |
| INC.), AN OHIO LIMITED LIABILITY | : | |
| COMPANY AND PENNSYLVANIA | : | |
| REGISTERED FOREIGN LIMITED | : | |
| LIABILITY COMPANY; PAUL S. | : | |
| PIEFFER, AN INDIVIDUAL; ONORATO | : | |
| BUCCI, AN INDIVIDUAL; JUSTIN | : | |
| BURGH, AN INDIVIDUAL; VINCENT | : | |
| JAMES SACCO, AN INDIVIDUAL; | : | |
| JOHN BARNES, AN INDIVIDUAL; AND | : | |
| NATHAN AND TRACEY YOUNG, | : | |
| HUSBAND AND WIFE | : | |
| | : | |
| Appellees | : | No. 321 WDA 2020 |

Appeal from the Order Entered January 24, 2020
In the Court of Common Pleas of Butler County
Civil Division at No(s): 18-10990

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED DECEMBER 21, 2020**

Appellant, Ted M. Rohm, appeals *pro se* from the order entered in the

Butler County Court of Common Pleas, which sustained the preliminary

objections of Appellees, Dutch Creek Estates Homeowners' Association, Elite

Management Services Group, Inc., Innovative Management by Bucci, LLC (d/b/a Elite Management Services Group, Inc.), Paul S. Pieffer, Onorato Bucci, Justin Burgh, Vincent James Sacco, and John Barnes, and dismissed Appellant's entire amended complaint with prejudice. We transfer this case to Commonwealth Court due to our lack of appellate jurisdiction.

As a prefatory matter, Appellees object to the jurisdiction of this Court. *See* Appellees' Brief at 17-19. "[I]n deciding whether this Court has appellate jurisdiction, we must consider all of the potential issues underlying the parties' theories of the case. If any potential substantive issue (or participation of a particular party) invokes the Commonwealth Court's jurisdiction, transfer is appropriate, and we must transfer **prior to** reaching the merits of the appeal." *Mohn v. Bucks County Republican Committee*, 218 A.3d 927, 934 (Pa.Super. 2019) (*en banc*) (emphasis in original). Significantly, the Commonwealth Court is vested with exclusive jurisdiction over appeals involving not-for-profit corporations. *See* 42 Pa.C.S.A. § 762(a)(5).

Instantly, Appellant's claims relate to the corporate affairs of a not-for-profit condominium association and its board members. Thus, jurisdiction of this matter is properly vested in the Commonwealth Court. *See Skytop Meadow Community Ass'n, Inc. v. Paige*, 177 A.3d 377 (Pa.Cmwlth. 2017) (noting appellants initially filed notice of appeal with Superior Court, which transferred matter; Commonwealth Court possessed jurisdiction over appeal involving action by homeowners association); *King v. Riverwatch*

*Condominium Owners Ass'n*, 27 A.3d 276 (Pa.Cmwlth. 2011), *appeal denied*, 616 Pa. 665, 50 A.3d 693 (2012) (stating Superior Court transferred appeal involving non-profit condominium owners association, and Commonwealth Court has jurisdiction over appeals involving corporate affairs of non-profit corporations and statutes regulating those affairs).[1]  Accordingly, we transfer this case to the Commonwealth Court.

Appeal transferred.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/21/2020

---

[1] "This Court is not bound by decisions of the Commonwealth Court.  However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." *Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010), *appeal denied*, 608 Pa. 648, 12 A.3d 371 (2010).