**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORRAINE ESCALANTE AND PATRICK ESCALANTE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | No. 1279 EDA 2020 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | |

Appeal from the Order Entered June 2, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 2018-03746

| | | |
|---|---|---|
| LORRAINE ESCALANTE AND PATRICK ESCALANTE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | No. 1280 EDA 2020 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | |

Appeal from the Order Entered May 18, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 2018-03746

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    Filed: August 26, 2021

In these consolidated cases, Lorraine Escalante and Patrick Escalante

(hereinafter, "Appellants") appeal from the trial court's May 18, 2020 and June

_____

[*] Former Justice specially assigned to the Superior Court.

2, 2020 orders. In the May 18, 2020 order, the court granted Appellee's, State Farm Mutual (hereinafter, "State Farm"), motion to vacate the judgment entered in this case in favor of Appellants in the amount of $800,000. The court's June 2, 2020 order granted State Farm's post-trial motion and ordered a new trial based on a jury-selection error. After careful review, we affirm both orders and remand for a new trial.

The trial court summarized the pertinent history of this case, as follows:

[Appellants] initiated this action on May 21, 2018, seeking underinsured motorist benefits from [State Farm] after Lorraine Escalante suffered direct damages from an automobile accident and her husband, Patrick Escalante, suffered resulting loss of consortium damages. All parties stipulated to [State Farm's] liability, and the case proceeded to trial on the issue of damages only.

On November 8, 2019, the parties selected a jury, with trial commencing on November 12, 2019, and proceeding through November 13, 2019. Following the close of evidence on November 13, 2019, the jury returned a verdict for [Appellants] in the amount of $800,000 – broken down, the jury awarded Lorraine Escalante $300,000 for past and future medical expenses, $450,000 for past, present, and future pain and suffering, and awarded Patrick Escalante $50,000 for loss of consortium. In the days and weeks following the jury verdict, this [c]ourt was made aware of the extent of a Monroe County Court of Common Pleas jury selection software error resulting in at least two mistrials from other judges on our bench, including a two-week murder trial on its sixth day.

Unbeknownst to the [c]ourt and the parties at the time of jury selection and trial, the malfunction in jury selection software caused a transcription error to occur on an unknown number of jury questionnaires. All jurors called to serve are required to complete a jury questionnaire. These completed questionnaire answers are then tabulated and provided to attorneys to assist them in their *voir dire* and ultimate selection for each jury panel. While most jurors choose to fill out their questionnaire online,

prior to jury selection, a small percentage, approximately ten percent according to the [c]ourt's management office, choose to complete a paper questionnaire upon reporting to the courthouse. The paper questionnaires are collected by court staff, scanned into the computer system, and a tabulation of each of the panel members' answers are provided to the attorneys for use at jury selection.

To this [c]ourt's knowledge, the malfunction occurred only in regards to the paper questionnaires. Prior to the November 2019 trial term, the [c]ourt upgraded its computer system from Windows 7 to Windows 10. Due to the Windows 10 upgrade, a transcription error occurred when the juror questionnaires were scanned and processed; corresponding questions and answers were offset from one another. Unfortunately, due to the unknown error, [c]ourt staff provided all attorneys and parties during the November term with inaccurate juror information. In the other cases before this bench where mistrials were declared, the error was discovered during trial. However, in this case, the jury selection error was not discovered until after the verdict was reached.

On November 22, 2019, [State Farm] filed a timely [m]otion for [p]ost-[t]rial [r]elief raising a number of issues. We note that at this time[,] none of [State Farm's] alleged errors addressed the jury selection process. In December of 2019, the Monroe County Court Administrator advised this [c]ourt that a jury selection error may have affected the instant matter. Unfortunately, the Court Administration was unable to discern which questionnaires were incorrect and the extent of possible damage, as the questionnaires had already been destroyed and removed from the archive system in accordance with state law. On December 27, 2019, we issued a scheduling order to hold a hearing on [State Farm's] [m]otion for [p]ost-[t]rial [r]elief for January 9, 2020. The January 9, 2020 hearing proceeded as scheduled. After hearing arguments regarding [State Farm's] November 22, 2019 [m]otion for [p]ost-[t]rial [r]elief, this [c]ourt informed both parties of the jury selection error that occurred during the November trial term. We indicated that inaccurate juror questionnaire responses may have been provided by the [c]ourt at the time of *voir dire*, and that the jury questionnaires at issue were destroyed on December 18, 2019. *See* [N.T. Hearing, 1/9/2020, at] 27-32.

On January 23, 2020, [State Farm] filed a [s]econd [m]otion for [p]ost-[t]rial [r]elief raising the issue of the jury selection error,

> arguing [that State Farm] was unaware of the error until informed by the [c]ourt during the January 9, 2020 hearing. On February 3, 2020, we ordered supplemental briefs to be filed on the issue of the jury selection error.

Trial Court Opinion & Order ("TCOO"), 6/2/20, at 1-4.

In the ensuing months, the court did not rule on State Farm's post-trial motions. On May 12, 2020 (124 days after State Farm's second motion for post-trial relief was filed), Appellants praeciped for the entry of judgment. The prothonotary entered judgment in favor of Appellants that same day. On May 15, 2020, State Farm filed a motion to vacate the judgment, arguing that all time calculations had been suspended by court order due to the COVID-19 pandemic and, thus, the prothonotary had lacked the authority to enter the judgment.

On May 18, 2020, the trial court issued an order granting State Farm's motion and vacating the May 12, 2020 judgment. On June 2, 2020, the court issued an order and opinion granting State Farm's motion for post-trial relief and ordering a new trial in light of the jury-questionnaire issue. Appellants thereafter filed separate, timely appeals from the court's May 18, 2020 order vacating the judgment, and the June 2, 2020 order awarding State Farm a new trial.[1] The trial court thereafter ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and they timely complied. The court filed a Rule 1925(a) statement on August 6, 2020.

_____

[1] The two appeals were subsequently consolidated by this Court upon stipulation of the parties.

Herein, Appellants present 17 issues for our review:

1. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion in vacating the judgement [*sic*] entered by the Prothonotary entered judgement [*sic*] on May 12, 2020[,] pursuant to Pa.R.C.P. 227.4(1)(b).

2. Whether the [t]rial [c]ourt lacked jurisdiction and erred as a matter of law when it enter[ed] its Order dated May 18, 2020[,] vacating the judgement [*sic*] and/or subsequently setting aside the jury verdict and ordering a new trial.

3. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion in setting aside the jury's verdict ordering a new trial after [Appellants] properly praeciped and the Prothonotary properly entered judgement [*sic*] pursuant to Pa.R.C.P. 227.4(1)(b).

4. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion in setting aside the [j]udgment entered May 12, 2020[,] and/or the jury's verdict[,] and ordering a new trial[,] when it was divested of jurisdiction by the proper entry of [j]udgement [*sic*] on May 12, 2020[,] and [it] lack[ed] the jurisdiction and authority to enter its [o]rder dated May 18, 2020, setting aside the [j]udgement [*sic*] entered May 12, 2020.

5. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion in relying upon hearsay, *ex[]parte*, non-record communications allegedly with Monroe County Court Administrator, and/or others, and extra-record information in setting aside the jury verdict and ordering a new trial.

6. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion in setting aside the [j]ury's verdict without any competent evidence of records or otherwise that the alleged error in the jury selection process even occurred.

7. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion[,] and applied the wrong standard of review in ordering a new trial[,] where [State Farm] failed to produce any evidence that any alleged error affected the jury selection process in this case.

8. Whether the [t]rial [c]ourt erred as a matter of law, abused its discretion[,] and applied the wrong burden of proof in ordering a

- 5 -

new trial where [State Farm] failed to produce any evidence that any alleged error affected the jury selection process in this case, and failed to allege or prove the existence of any reason for objection to any of the jurors.

9. Whether the [t]rial [c]ourt erred in failing to find that [State Farm] waived any argument by failing to ask appropriate questions during *voir dire* that would have revealed any alleged problem with the jury panel.

10. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion in ordering a new trial where [State Farm] offered no proof of prejudice, just bald assertions, guess, conjecture and speculation, which is not proof. [State Farm] did not request a transcript of the jury selection process, did not request and/or seek to take testimony from the jurors who sat on the panel and/or those who sat thru [*sic*] the jury selection process, and/or request and/or seek to take testimony from the Court Administrator and/or Court Administration staff. All of those individuals were known to [State Farm], since jury selection, but [State Farm] failed to take any steps to prove any alleged prejudice.

11. Whether the … [t]rial [c]ourt erred as a matter in law and abused its discretion in ignoring clear, unequivocal[,] and controlling precedent of the Pennsylvania Supreme Court specifically holding that questionnaires "are to be used in conjunction with and not as a substitute for oral examination[,"] and that "the failure to ask appropriate questions on *voir dire* waives any disqualification which might have been revealed on *voir dire*[."]

12. Whether the … [t]rial [c]ourt erred as a matter of law in ordering a new trial based on the alleged problem with the juror questionnaires where [State Farm] did not allege or offer any proof that it read, relied upon and/or used any of the information contained in the juror questionnaires, and there was no competent evidence offered to establish that the juror questionnaires for this case were inaccurate.

13. Whether the … [t]rial [c]ourt erred as matter of law and abused its discretion in concluding, without any record or evidence, competent or otherwise, that "the jury selection error" even occurred in this case and by presuming prejudice to [State Farm].

14. Whether the … [t]rial [c]ourt erred as matter of law and abused its discretion in ignoring [State Farm's] burden of proof and simply presuming that the alleged jury selection error somehow contributed to the jury's verdict.

15. Whether the … [t]rial [c]ourt erred as a matter of law and abused its discretion in concluding, without any competent evidence, that inaccurate answers were provided to counsel during the jury selection process in this case.

16. Whether the … [t]rial [c]ourt erred as a matter of law and abused its discretion in addressing and granting [State Farm's] improper and untimely second motion for Post Trial Relief in violation of Pa.R.C.P. 227.1(c).

17. Whether the … [t]rial [c]ourt erred in granting a new trial for reasons that [State Farm] did not[] raise during jury selection and/or preserve during trial by motion, objection, and/or other appropriate method during jury selection or at trial in violation of Pa.R.C.P. 227.1 (b)(1) and/or 42 Pa.C.S.A. § 4527.

Appellants' Brief at 5-9 (unnumbered).[2]

Initially, although presenting 17 claims in their Statement of Questions Presented, Appellants do not present 17 corresponding issues in their Argument Section. Instead, they divide their 34-page Argument into only two parts, labeling them "ARGUMENT I" and "ARGUMENT II," with no headings to indicate what points will be discussed in those sections. *Id.* at 30, 39. We reprimand Appellants for not conforming their brief to the requirements set forth in Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated

_____

[2] Frustratingly, Appellants have presented this Court with a 64-page brief that contains no page numbers. Our numbering of their brief for citation purposes begins with their Statement of Jurisdiction section being page 1.

- 7 -

therein, followed by such discussion and citation of authorities as are deemed pertinent."). Nevertheless, because we can discern Appellants' main arguments, we will overlook this briefing error.

We first address Appellants' challenge to the court's May 15, 2020 order vacating the May 12, 2020 judgment. Appellants contend that the court lacked jurisdiction to vacate the May 12, 2020 judgment, which they insist was validly entered. In support of their position, Appellants rely on Pa.R.C.P. 227.4(1)(b), which authorizes the prothonotary to enter judgment upon praecipe of a party where "one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion." The rule further states that "[a] judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration…." **Id.** Pursuant to Rule 227.4(1)(b), Appellants contend that the prothonotary properly entered judgment upon their praecipe, as it was filed 124 days after State Farm filed its second motion for post-trial relief. They further aver that, because the rule explicitly precludes reconsideration, the court lacked jurisdiction to grant State Farm's motion to vacate the judgment. According to Appellants, the only recourse for State Farm was to file an appeal with this Court challenging the judgment.

In response, State Farm contends that the prothonotary lacked the authority to enter the judgment, and, thus, the trial court correctly vacated it. State Farm reasons that Appellants' praecipe for entry of judgment was

premature in light of several emergency orders issued by the Honorable President Judge (hereinafter, "P.J.") Margherita Patti-Worthington of the Monroe County Court of Common Pleas in response to the COVID-19 pandemic. Specifically, on March 16, 2020, P.J. Patti-Worthington issued a Declaration of Judicial Emergency, extending from March 15, 2020, through April 14, 2020. *In re: 43rd Judicial Dist. Declaration of Judicial Emergency*, 3/16/20, at 1; *see also* Appellants' Reproduced Record at 1464a. That same day, P.J. Patti-Worthington issued another order directing that "[t]ime calculations for the purposes of time computation relevant to court cases or other judicial business, as well as time deadlines are suspended, subject to constitutional restrictions." *In re: Modifications to Procedures*, No. 62 AD 2020, at 1 ¶ 1 (Monroe Co. Ct. Comm. Pls. filed Mar. 16, 2020). On April 22, 2020, P.J. Patti-Worthington issued another "Emergency Administrative Order" that extended the Declaration of Judicial Emergency through May 31, 2020. *See In re: 43rd Judicial Dist. Emergency Administrative Order COVID-19*, No. 76 AD 2020, at 1 ¶ 1 (Monroe Co. Ct. Comm. Pls. filed April 22, 2020). The order further stated, in pertinent part:

> 2. All Administrative Orders concerning the COVID-19 pandemic subsequent to the initial Declaration of Emergency cited in paragraph 1 herein, closing the Courts to the public generally and limiting proceedings to those emergencies delineated in this Court's previous Administrative Orders and the Pennsylvania Supreme Court's Administrative Orders, remain in effect.
>
> 3. All Administrative Orders concerning the COVID-19 pandemic including and subsequent to this Court's initial Declaration of Judicial Emergency which affect the operations and procedures of the Court during this time remain in effect.

- 9 -

*Id.* at 2 ¶¶ 2, 3.

Pursuant to the language of these orders, the trial court concluded that the 120-day time requirement of Rule 227.4(1)(b) was "effectively tolled" and, thus, the prothonotary incorrectly granted Appellants' praecipe for entry of judgment. Trial Court Opinion ("TCO"), 8/6/20, at 4. State Farm agrees, contending that the Monroe County Court of Common Pleas suspended all time calculations through May 31, 2020. Therefore, it insists that the 120-day time-period set forth in Rule 227.4(1)(b) was suspended, and the prothonotary lacked authority to enter judgment upon praecipe by Appellants until the judicial emergency ended. *See* State Farm's Brief at 17-19 (relying on *Slusser v. Laputka, Bayless, Ecker, and Cohn, P.C.*, 9 A.3d 1200, 1205-06 (Pa. Super. 2010) (finding that because the appellees' praecipe to enter judgment was premature, "the prothonotary was without the authority to enter the judgment")).

We concur with the trial court and State Farm that the emergency orders issued by P.J. Patti-Worthington suspended all time calculations through May 31, 2020. Thus, the 120-day time-limit of Rule 227.4(1)(b) did not apply, and Appellants' praecipe for entry of judgment was premature. Consequently, the prothonotary lacked authority to enter the May 12, 2020 judgment. *See Slusser, supra*. Our Court has held that, where a timely post-trial motion is outstanding and the 120-day time-period has not expired, the prothonotary has no authority to enter judgment, and any such judgment entered is "void, a nullity, and lacking in legal effect." *Linde v. Linde*, 222 A.3d 776, 779–80

- 10 -

(Pa. Super. 2019) (citing **Gotwalt v. Dellinger**, 577 A.2d 623, 624-25 (Pa. Super. 1990) (stating that, "[d]ue to the prothonotary's purely ministerial status, the authority for [its] actions derive[s] from either statute or rule of court…. [W]here it is established that the prothonotary has entered judgment against a party beyond [its] authority, such action is considered void and the judgment entered by [it] is a nullity and lacks legal effect"); **see also Comm. ex rel. Penland v. Ashe**, 19 A.2d 464, 466 (Pa. 1941) (holding that a void judgment is "no judgment at all")). Thus, because the judgment was legally null and void, it did not divest the trial court of jurisdiction to vacate it.

Moreover, we reject Appellants' contention that State Farm's only recourse was to file an appeal with this Court. Indeed, such an appeal would have been quashed. **See Slusser**, 9 A.3d at 1206 (stating that, had the appellants appealed from the judgment that the prothonotary lacked power to enter, "we would have quashed the appeals"). Instead, as our Supreme Court has stated, "it is the duty of the court of its own motion to strike off [a void judgment] whenever its attention is called to it." **Romberger v. Romberger**, 139 A. 159, 160 (Pa. 1927). Here, State Farm alerted the trial court, in its motion filed on May 15, 2020, that the judgment entered on May 12, 2020, was premature and invalid. Because we conclude that the court had the power to vacate the legally void judgment, we affirm the court's May 18, 2020 order.

Next, Appellants challenge the court's June 2, 2020 order granting State Farm's second post-trial motion and awarding it a new trial. Preliminarily, we recognize the

fundamental and longstanding precept that the decision to order a new trial is one that lies within the discretion of the trial court. Thus, the standard for appellate review of such a decision is always an abuse of discretion standard. In contrast, the scope of the appellate court's review of the trial court's decision varies: It is determined by whether the trial court cites a finite set of reasons for its decision, indicating that but for the cited reasons it would not have granted a new trial, or leaves open the possibility that it would have ordered a new trial for reasons other than those it specified.

If the trial court leaves open the possibility that reasons additional to those specifically mentioned might warrant a new trial, or orders a new trial "in the interests of justice," the appellate court applies a broad scope of review, examining the entire record for any reason sufficient to justify a new trial. However, if, as in this case, the trial court indicates that the reasons it gives are the only basis for which it ordered a new trial, an appellate court can only examine the stated reasons.

*Morrison v. Com., Dep't of Pub. Welfare, Off. of Mental Health (Woodville State Hosp.)*, 646 A.2d 565, 570 (Pa. 1994) (cleaned up; footnote and emphasis omitted).

Here, the trial court ordered a new trial based solely on the jury questionnaire error. Thus, we examine whether the court abused its discretion in ruling that a new trial is necessary for that single reason.

Appellants first argue that the court abused its discretion because State Farm's motion was untimely, as it was filed beyond 10 days after the jury's verdict. *See* Pa.R.C.P. 227.1(c)(1). Appellants stress that the motion was filed 70 days after the verdict, and 14 days after the court notified the parties of the jury-questionnaire issue. Thus, Appellants insist that State Farm's motion was untimely, and the court erred by granting relief.

We disagree. The trial court observed, in its opinion accompanying its order granting State Farm's second post-trial motion, that,

> the "ten-day time period is not a jurisdictional requirement but merely a procedural rule[," and thus,] the trial court "has discretion to consider untimely motions…[.]" ***Arches Condominium Ass'n v. Robinson***, 131 A.3d 122, 129 (Pa. Cmwlth. 2015) (citing ***King v. Riverwatch Condominium Owners Ass['n]***, 27 A.3d 276, 278 (Pa. Cmwlth. 2011)[)]. According to [the] Superior Court in ***Carlos R. Leffler, Inc. v. Hutter***, [696 A.2d 157 (Pa. Super. 1997),] "a trial court may elect to overlook the procedural defect if no objection is made … [and] if objections are lodged[,] … the trial court … must first consider whether the objecting party would be prejudiced by the court's ruling." [***Id.*** at] 166 … (citing ***Millard v. Nagle***, 587 A.2d 10 (Pa. Super. 1991)[)]. For the following reasons, we find [Appellants] are not prejudiced by our consideration of [State Farm's] untimely [m]otion for [p]ost-[t]rial [r]elief; in our discretion, we elect to overlook the procedural defect.

TCOO at 4-5.

The court then explained:

> We find the instant case procedurally similar to the occurrences in ***Millard***…. In ***Millard***, [the a]ppellant originally filed a timely post-trial motion that was later supplemented with additional requests for post-trial relief. [The a]ppellees objected to the untimeliness of the supplemental relief, claiming that [the a]ppellant "[did not show] any cause for delay to the prejudice of Defendants." [***Millard***, 587 A.2d at 12]. [The] Superior Court found that the trial court properly considered [the a]ppellant's untimely motions for two reasons. First, there was "no specific allegations of prejudice claimed by the [a]ppellee." ***Id.*** Second, the trial court still "had before it timely filed post-trial motions which had not yet been argued or decided"; [the a]ppellees were still within the trial court's jurisdiction and their position in the litigation had not changed. ***Id.*** Similarly, in the instant case, [Appellants] have not articulated specific allegations of prejudice and [State Farm] filed a timely[, first] motion for post-trial relief, which … remained pending in front of this [c]ourt [at the time its second post-trial motion was filed]. Therefore, like the [a]ppellees in ***Millard***, [Appellants] in this matter have remained in the

- 13 -

jurisdiction of the trial court with their litigation position unchanged.

In the case at bar, [Appellants] broadly allege prejudice through conclusory statements, while failing to specifically articulate their actual detriment. [Appellants] make a somewhat confusing claim that the prejudice against them arises from the action this [c]ourt took in informing the parties of the jury selection error and subsequent destruction of the jury questionnaires. However, while [Appellants] seemingly identify this [c]ourt as the source of the prejudice, they fail to argue *how* they are being injured. As such, we cannot consider the merits of their argument. Therefore, we find [Appellants'] assertion is merely conclusory and fails to demonstrate actual prejudice. ***See id.*** Furthermore, similar to ***Millard***, in this case there are outstanding, timely motions for post-trial relief that have yet to be resolved.

As detailed above, in the procedural history of the instant matter, we held a hearing on [State Farm's] original, timely [m]otion for [p]ost-[t]rial [r]elief on January 9, 2020. During that hearing, we allowed the parties to argue [State Farm's] motion. However, we refrained from rendering any decision. Instead, we informed the parties of the jury selection error. We allowed time for [State Farm] to file a supplemental [m]otion for [p]ost-[t]rial [r]elief, regarding only the jury selection issue, and we ordered supplemental briefs from both parties[] arguing the issue[s]. Although[,] unlike [in] ***Millard***, we did allow for oral arguments on the original issues raised by [State Farm,] … similar to ***Millard***, we never relinquished jurisdiction by rendering a decision on the issues presented. Instead, we allowed for supplemental briefs, considered all the arguments, and refrained from rendering a decision until now. Therefore, we find that we had continuing jurisdiction over [State Farm's] post-trial [motion] and [Appellants'] litigation position remained unchanged by [State Farm's] [s]econd [m]otion for [p]ost-[t]rial [r]elief.

***Id.*** at 5-6 (emphasis in original).

Appellants' cursory argument that under Rule 227.1(c), State Farm's "motion is untimely and this constitutes waiver" fails to convince us that the court abused its discretion by considering the motion. Appellants' Brief at 41 (unnumbered). The court provided a detailed discussion of its reasons for

concluding that Appellants had not established that they suffered prejudice due to the timing of the motion, and the court found that "fundamental fairness" warranted consideration of the motion. TCOO at 7. Appellants offer no cogent response to the court's reasoning. Additionally, as State Farm correctly observes, Appellants'

> brief does not appear to set out any contention that they were prejudiced *by the timing of the filing*, or the court's decision to consider that filing. [Appellants'] brief contends that they were prejudiced by the trial court's reliance on what they term "*ex parte* hearsay" with court staff, and by the trial court's ultimate ruling that the case should be retried. These contentions, however, go to the merits of the trial court's decision, and do not reflect prejudice to [Appellants] by the timing of the motion.

State Farm's Brief at 28-29 (emphasis in original; citations to the record omitted). We agree. Thus, Appellants' have not demonstrated an abuse of discretion by the trial court in considering State Farm's second post-trial motion.

Appellants also contend that the trial court was precluded from granting State Farm's request for a new trial, based on the error in the jury selection process, because a verdict had been entered. In support, Appellants cite 42 Pa.C.S. § 4526, which requires that a challenge to the jury array be raised within ten days, and 42 Pa.C.S. § 4527, which states that a "a trial by jury and its rendition of a verdict in any matter shall constitute waiver" of any "errors and omissions in the selection of jurors under this subchapter…." According to Appellant, these provisions demonstrate that, once the verdict

- 15 -

was entered in this case, any challenge to the jury-questionnaire error was waived.

Initially, we note that Appellants failed to raise any claim based on sections 4526 or 4527 in their Rule 1925(b) statement; thus, their argument is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In any event, we would deem their claims meritless. Aside from quoting the statutes, Appellants offer no developed discussion of how these statutes apply to the unique facts of this case. As State Farm observes, section 4526 "sets out the procedure for challenging compliance with the statutory process used to select a jury *array*," while the issue in this case "instead addresses the *voir dire* process used to select the jurors seated on the petit jury that heard the case. Thus, [section] 4526 has no bearing on this matter." State Farm's Brief at 30 (emphasis in original).

Regarding section 4527, State Farm notes that the statute states that it "applies to 'errors and omissions in the selection of jurors *under this subchapter*…[.]'" *Id.* at 31 (quoting 42 Pa.C.S. § 4527 (emphasis added)). State Farm continues: "The 'subchapter,' 42 Pa.C.S. §§ 4521-4527, addresses the technical requirements for the identification and summoning of jurors to appear for jury duty[,]" and 42 Pa.C.S. § 4526(f) states that, "[n]othing in this subchapter shall affect the existing practice with respect to peremptory challenges and challenges for cause." *Id.* at 31, 32. Therefore, "[s]ection

4527 does not apply to errors in *voir dire*, the selection of a petit jury from the panel of potential jurors, or the challenge[-]for[-]cause process." ***Id.*** at 32.

Again, Appellants fails to offer any discussion in their principal brief of why sections 4526 and 4527 apply to the issue at hand. They also offer no response in their reply brief to State Farm's arguments that those provisions are inapplicable. Thus, we would agree with State Farm that Appellants' claim that the jury-questionnaire issue was waived once the verdict was entered is meritless, even had they preserved it for our review.

Appellants also contend that the trial court's decision to award State Farm a new trial was error because it was based on off-the-record evidence and *ex parte* communications between the trial court and court administration. They also insist the court ordered a new trial *sua sponte*.

We are unconvinced. First, the court ordered a new trial based upon State Farm's motion and argument; thus, it was not *sua sponte*. Second, the court did not rely on non-record evidence or *ex parte* communications in granting a new trial. As State Farm explains,

> [t]he facts supporting the trial court's decision … were put on the record. The trial court conveyed the nature, scope and substance of the error on the … record at oral argument on the first motion for post-trial relief. All parties were aware of these facts, conveyed by a representative of Monroe County [C]ourts on behalf of the Monroe County [C]ourts. Either party was free to investigate the issue further (and, indeed, were specifically invited to do so) if they found the court's on-the-record recitation of facts wanting. There is no reason to believe that a Judge of the Monroe

County [C]ourts is incompetent to convey information known to the Monroe County [C]ourts regarding the operation of the court.

State Farm's Brief at 40-41 (footnote omitted). We agree with State Farm's argument.

We also discern no abuse of discretion in the trial court's decision to presume that State Farm was prejudiced by the jury-questionnaire error, under the unique circumstances of this case. In this regard, the court explained:

> In the instant matter, this [c]ourt unintentionally propagated inaccurate juror questionnaires during our November 2019 Trial Term. The inaccuracies were such that the attorneys involved in jury selection were unable to discover the error at the time the jury was empaneled. Furthermore, because the error caused juror answers to be offset from their corresponding questions, attorneys who were reasonably relying on the accuracy of juror questionnaires were unwittingly deceived. … [W]e find that juror questionnaires are an effective, time-saving tool to be used in conjunction with *voir dire*. As such[,] we seek to encourage their usage. While we recognize that Pennsylvania law strongly supports upholding a verdict, we cannot do so under the present circumstances. Unfortunately, due to the destruction of the records, the damage done to the parties is incalculable. Without knowing the jurors' correct answers, it is impossible for this [c]ourt to determine whether a juror was impermissibly permitted to participate in the instant matter. Therefore, due to the [c]ourt's wide-spread error and our inability to say that the selected jury was fair, competent, or impartial, we find [State Farm] was prejudiced, and has shown the jury selection error contributed to the result reached by the jury.

TCOO at 12-13.

State Farm defends the trial court's conclusion that prejudice must be presumed in this case, stating:

> The Supreme Court of Pennsylvania has held that when an error occurs which calls into question the fundamental impartiality of

- 18 -

the jury, and the court is not in a position to determine whether prejudice occurred, a new trial must be awarded to preserve the integrity of the jury system. ***Bruckshaw v. Frankford Hosp. of Phila.***, … 58 A.3d 102, 116 ([Pa.] 2012). Thus, in light of the trial court's inability to say that a fair *voir dire* was conducted and a competent and qualified jury was empaneled, it properly presumed prejudice and ordered a new trial.

"The right to a jury in a civil action is a fundamental aspect of our system of law," and, "the right to a trial by an **impartial jury** is enshrined in the Pennsylvania Constitution." ***Bruckshaw***, … 58 A.3d at 109 (citing Pa. Const. Art. I § 6) (emphasis added). Indeed, "[o]ne of the most essential elements of a successful jury trial is an impartial jury." ***Id.*** at … 109 (citations omitted). Among other things, the "sanctity of the jury" is protected "through the *voir dire* process [where] individuals with bias or a close relationship to the parties, lawyers or matters involved are examined and excluded." ***Id.*** … at 110 (citations omitted). "The process by which the principal jurors and alternate jurors are chosen is crucial to the preservation of the right to an impartial jury." ***Id.*** at … 112. In light of these fundamental concerns, the Supreme Court has held that prejudice is properly presumed and a new trial is required when the qualification, competency and impartiality of the jury cannot be ascertained.

In ***Bruckshaw, supra***, a court staff member replaced a primary juror with an alternate juror immediately before deliberations without notifying the parties or providing an explanation for doing so. ***Id.*** at … 105. The replacement may have been related to an error in moving jurors from room to room, but there was no evidence as to the exact circumstances of the change. ***Id.*** Notably, the error was not discovered until after the jury delivered its verdict. ***Id.*** After finding that the replacement of a primary juror was an abuse of discretion, the Supreme Court rejected the argument that any such error was harmless because the alternate juror was equally competent to serve. [***Id.*** at] … 113-14. Instead, the Supreme Court chose to presume prejudice to protect the integrity of the jury system. ***Id.***

The Supreme Court explained, it is the court's "duty to ensure a fair trial and protect the integrity of the jury," and it "cannot do so if [the court] impose[d] the impossible burden of requiring a showing of prejudice." ***Id.*** at … 113. The court emphasized that "the inability to assess prejudice in this case causes the error to defy analysis by prejudice standard; to hold otherwise would

- 19 -

immunize such jury irregularities from review. In such a situation, to protect the integrity of a jury verdict, a new trial must be granted." ***Id.***

The Supreme Court reviewed other scenarios where it had presumed prejudice. These included situations where there had been unexplained *ex parte* communication with a juror, and where there had been improper contact with a juror even without certainty that prejudicial information had been exchanged. ***Id.*** at … 114. It distinguished those situations, and [the circumstances] at issue in ***Bruckshaw***, with other scenarios in which a showing of prejudice was required. ***Id.*** Cases where prejudice is required "have in common notice to the parties, and the trial court's exercise of discretion, in open court, based on facts of record." ***Id.*** at … 115. Thus, when the trial court is able to exercise its discretion, based on a record, a showing of prejudice is required. ***Id.*** at … 115-16.

The Supreme Court continued, "[t]he mischief of uncertainty is what distinguishes this case from those where we have required a showing of prejudice." ***Id.*** "[W]here there is no exercise of discretion, there is nothing to which to defer." ***Id.*** at … 116. "It is precisely the unknown, opaque nature of the facts before us that calls into question the integrity of the jury far more than an erroneous decision made on the record in open court." ***Id.*** The [C]ourt emphasized that[,] due to the circumstances, "we cannot discern the cause of this jury irregularity." ***Id.*** "It is this uncertainty that causes us to impose the remedy of a new trial, to protect the sanctity of the jury from innocent mistakes as well as iniquitous intentions." ***Id.***

State Farm's Brief at 34-37.

We recognize that in ***Bruckshaw***, the jury irregularity was clear while, here, in contrast, it is unclear if the questionnaire error impacted the pool of individuals from which the jury was chosen. Nevertheless, we agree with State Farm that ***Bruckshaw*** supports the court's decision to award a new trial. "The crux of ***Bruckshaw*** is that when an error occurs which threatens the integrity of the jury, and neither the trial court nor the reviewing courts

- 20 -

are in a position to determine whether that error resulted in prejudice, prejudice must be presumed, and a new trial must be awarded." State Farm's Brief at 37. As State Farm and the trial court both stress, there was a systemic breakdown in the operations of the court, which may have impacted counsels' ability to conduct an adequate *voir dire*. It is unfortunate that the error was not discovered until after a verdict was rendered in this case and the jury questionnaires were destroyed. These circumstances made it impossible for the trial court or counsel "to discern which questionnaires were incorrect and the extent of possible damage…." TCOO at 3. Ultimately, the court was unable to determine "that the selected jury was fair, competent, or impartial." *Id.* at 13. Under these facts, we cannot say that the trial court abused its discretion by presuming that State Farm was prejudiced and ordering a new trial. *Id.* at 13; *Bruckshaw, supra*. Therefore, we affirm the June 2, 2020 order and remand for a new trial.

May 18, 2020 order affirmed. June 2, 2020 order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/21

- 21 -